IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CR-09-83-D |
| ) | |
| MISTI D. MILLER, ) | |
| ) | |
| Defendant. ) | |

**FINDINGS AND ORDER OF CONTEMPT**

On July 25, 2013, this matter came before the Court for trial of the criminal contempt charge against Defendant Misti D. Miller, as set forth in the Order to Show Cause Why Defendant Should Not Be Held in Contempt [Doc. No. 77]. Defendant appeared in person with appointed counsel, David B. Autry, and the government appeared through Assistant United State Attorney Mark Yancey. Defendant, personally and through counsel, stipulated to the facts stated in the government's Motion and the separately filed Information, No. M-13-336-SM. Based on these undisputed facts, the Court finds as follows:

1. On April 30, 2013, the Court issued in this case its Order Revoking Supervised Release [Doc. No. 69], which imposed a three-month prison sentence and ordered Defendant to report for service of her sentence by noon on May 28, 2013. The April 30 Order was clear and specific, and Defendant was personally informed of its terms. The Order memorialized an oral pronouncement made in open court on that date.

2. On May 21, 2013, Defendant, through counsel, asked the Court for additional time to surrender to the facility designated by the Bureau of Prisons. Defendant based her

request on false statements that her parents' home in Newalla, Oklahoma, was destroyed by a tornado on May 19, 2013, and that she needed to assist her parents in securing temporary housing before she reported to prison. In fact, her parents' home was not destroyed, and they did not need her assistance.

3. Based on Defendant's false statements of material fact, the Court permitted Defendant to remain at liberty an additional 21 days, and her reporting date was extended to June 18, 2013.

4. By fabricating a claim that she needed additional time to report, Defendant deliberately misled the Court on May 21, 2013, and willfully disobeyed and resisted the April 30 Order to surrender by May 28, 2013.

5. Beyond reasonable doubt, Defendant is guilty of contempt of court, in violation of 18 U.S.C. § 401(3).

6. A presentence report is not required because the facts known to the Court and the information already in the record permit a meaningful exercise of the Court's sentencing authority. The Court is well aware of the offense conduct and, through prior proceedings in this case, is familiar with Defendant and her history.

7. Upon consideration of the appropriate factors set forth in 18 U.S.C. § 3553(a), the Court finds that an additional term of incarceration is appropriate, and that a term of six months is necessary to serve the purposes of sentencing. For the reasons stated in open court, the Court finds that a six-month prison sentence, to be served consecutively to any previously imposed sentence, reflects the seriousness of the offense and provides just punishment. This

sentence also takes into account Defendant's history of dishonesty and deceit, the kinds of sentences available for the charged offense, and the sentencing range established by the Sentencing Guidelines.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendant is guilty of criminal contempt and the following sentence is imposed: Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of six months, to be served consecutively to any previously imposed sentence. Defendant must pay a special assessment of $10.00, due immediately in a lump sum payment to the Clerk of Court.

IT IS SO ORDERED this 30th day of July, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE